[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 11, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10914
Non-Argument Calendar
_____

D. C. Docket No. 06-02032-CV-5-CV-VEH

DEBRA E. MOULTON,

Plaintiff-Appellant,

versus

ROBERT M. GATES,
Secretary of Defense,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(September 11, 2008)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Debra Moulton, a Hispanic female, appeals the district court's dismissal of

her claim against her employer, the Secretary of the U.S. Department of Defense ("DOD"), alleging disparate treatment based on her gender, race, and national origin, under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et. seq. Moulton argues that the district court erred in granting summary judgment[1] in favor of the DOD as to her claims that (1) she was discriminated against when (1) the DOD offered her the position of Technical Assessment Group Chief ("TAG Chief") with an advertised duty station in Huntsville, Alabama, but refused to allow her to accept the position and still remain in Birmingham, Alabama; and (2) the DOD did not offer her any of four Program Integration Specialist ("PI Specialist") positions, all of which also had Huntsville duty stations and were positions for which she applied and was well-qualified.

We review the district court's ruling on summary judgment de novo. Rojas v. Florida, 285 F.3d 1339, 1341 (11th Cir. 2002). The moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "When deciding whether summary judgment is appropriate, all evidence and reasonable factual inferences

_____

[1] This case was assigned to a magistrate judge who converted the DOD's motion to dismiss to one for summary judgment when reviewing the record before the court.

drawn therefrom are reviewed in a light most favorable to the non-moving party."
Rojas, 285 F.3d at 1341-42 (quotation omitted).  However, in response to a properly supported motion for summary judgment, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  Celotex Corp. V. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quotations omitted).

Title VII makes it an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a).  In reviewing Title VII claims that are supported by circumstantial evidence, the complainant must first establish a prima facie case of discrimination.  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). To establish a prima facie case of disparate treatment discrimination, a plaintiff must generally show that (1) plaintiff is a member of a protected class; (2) plaintiff suffered an adverse employment action; (3) the employer treated similarly situated employees outside of the protected class more favorably; and (4) plaintiff was qualified to do the job.  Scott v. Suncoast Beverage Sales, Ltd., 295 F.3d 1223,

3

1228 (11th Cir. 2002).

Once a prima facie case is established, it raises a presumption that the employer discriminated against the employee, and the employer has the burden to articulate legitimate, nondiscriminatory reasons for the employment decision. McDonnell Douglas, 411 U.S. at 802-03.  If, on the other hand, a defendant carries his burden of producing legitimate, nondiscriminatory reasons for its decision, the presumption of discrimination created by the McDonnell Douglas framework "drops from the case, and the factual inquiry proceeds to a new level of specificity."  Combs v. Plantation Patterns, 106 F.3d 1519, 1528 (11th Cir. 1997) (quotations omitted).  The plaintiff then must produce evidence to permit a reasonable fact-finder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision.  Id.

Upon review of the record and the parties briefs, we discern no reversible error.  The DOD's denial of Moulton's request to allow her to work from Birmingham as the TAG Chief after she applied for and was accepted for this position with an advertised work location of Huntsville was not an adverse employment action. It was Moulton, and not the DOD, who conditioned her acceptance of the TAG Chief position upon its work-site location, even though she originally indicated her willingness to relocate to Huntsville.  See Davis v. Town

4

of Lake Park, Fla., 245 F.3d 1232, 1238 (11th Cir. 2001) (an adverse action is one that is "a serious and material change in the terms, conditions, or privileges of employment").

Moulton also failed to establish that the DOD treated similarly situated employees outside of her protected class differently. Here, Moulton is unable to show that either of the comparators were similarly situated in that neither of them were selected for a position with an advertised location but conditioned his acceptance on an alternate work-site location. Unlike Moulton, Rocky Cook was involuntarily transferred to another city, was denied his request to remain in his resident city, and was only able to remain there through a lateral job transfer. Vic Perkins was permitted five months to report to his new work site, which he did do, whereas Moulton requested to remain in Birmingham for one to two years, but was offered up to 90 days to report.

As to the PI Specialist positions, the district court was correct that, even assuming Moulton established a prima facie case regarding the DOD's failure to select her, this claim fails because she has not presented evidence showing that the DOD's proffered legitimate, nondiscriminatory reason was pretext. Here, the DOD explained that Moulton was not offered one of four PI Specialist positions because she had been offered the more prestigious TAG Chief position which was

5

being filled at the same time as the PI Specialist positions.[2]  Therefore, we affirm

the district court's grant of the DOD's motion for summary judgment.

**AFFIRMED.**

---

[2] It is also interesting to note that had Moulton been selected for one of the PI Specialist positions she would have been required to locate to Huntsville, not unlike the TAG Chief position.